Charles Albert Eric Goodhart, a minor, by United States Trust Company of New York, as Trustee for his benefit under Deed of Trust, dated April 27, 1937, made by Philip H. Goodhart, Donor v. Commissioner. Arthur L. Goodhart v. Commissioner. United States Trust Company of New York, as Trustee under Deed of Trust, dated April 27, 1937, for the benefit of Charles Albert Eric Goodhart, a minor, by Hattie Lehman Goodhart, Donor v. Commissioner. United States Trust Company of New York, as Trustee under Deed of Trust, dated April 27, 1937, for the benefit of Charles Albert Eric Goodhart, a minor, by Philip J. Goodhart, Donor v. Commissioner. Arthur L. Goodhart v. Commissioner.
Goodhart v. Commissioner
Docket Nos. 110602, 110603, 110604, 110605, 110606.
United States Tax Court
1943 Tax Ct. Memo LEXIS 252; 2 T.C.M. (CCH) 267; T.C.M. (RIA) 43284; June 14, 1943
*252 Percy W. Crane, Esq., 32 Liberty St., New York City, for the petitioners. F. S. Gettle, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: These proceedings were consolidated. Docket Nos. 110602, 110603 and 110605 involve liability as donees, transferees and trustee for gift tax deficiencies for 1937 of $835.79 each on gifts made by Philip G. Goodhart. Docket Nos. 110604 and 110606 involve liability as donee, transferee and trustee for gift tax deficiencies for 1937 of $1,382.83 each on gifts made by Hattie L. Goodhart. The donors filed their gift tax return for the year 1937 with the collector of internal revenue for the Third District of New York at New York City. The cases were submitted upon stipulated facts and exhibits which are adopted as our findings of fact. The issues are: (1) whether the gifts of income were present or future interests; (2) whether the respondent in computing the 1937 gift tax liability erred in disallowing the exclusions taken by donors on the 1935 and 1937 gift tax returns; (3) whether a donee or transferee can be held liable where the gift did not render the donor insolvent; (4) whether donee or transferee can be held liable after the *253 period of limitations has expired as to the donor; and (5) whether petitioner, Arthur L. Goodhart, father of the beneficiaries, is either a donee or transferee. The petitioner concedes that the gifts of corpus are future interests. This leaves for our determination the character of the gifts of income. [The Facts] On April 27, 1937, Philip J. Goodhart and his wife, Hattie L. Goodhart, executed a joint trust agreement with the United States Trust Company of New York as trustee, for the benefit of petitioner, Charles Albert Eric Goodhart, a grandson. On August 12, 1935, Philip J. Goodhart and his wife, Hattie L. Goodhart, executed a joint trust agreement with Barclays Bank, London, as trustee for the benefit of Philip Carter Goodhart and William Howard Goodhart, grandsons. All three beneficiaries were minors. The donors, on their respective gift tax returns filed for each of the years 1935 and 1937, took exclusions with respect to each donee in both years 1935 and 1937, and paid the tax on the net gifts shown thereon. No notices of deficiency in gift taxes were ever mailed to the donors respecting these gifts. Notices of liability for deficiencies in gift taxes were mailed *254 to each of the first three petitioners on January 23, 1942 and to each of the last two petitioners on January 20, 1942. It is conceded that the dispositive provisions of the two joint trust agreements of 1935 and 1937 are substantially the same as respects the gifts of income to all three minors. We quote from the joint trust agreement of April 27, 1937 relating to income: FIRST: The Trustee shall invest and reinvest the Trust Fund and shall receive and collect the interest, dividends and income therefrom and, after paying or deducting all necessary or proper expenses or charges, shall apply to the support, education and maintenance and otherwise to the use of CHARLES ALBERT ERIC GOODHART, a grandson of the Settlors, so much of the net income as to the Trustee shall seem proper and the Trustee shall accumulate any surplus of the net income for the benefit of said Charles Albert Eric Goodhart until he shall attain the age of twenty-one years and thereupon the Trustee shall transfer, assign and pay over to him absolutely the accumulations of income, if any there be. So long during the minority of the said Charles Albert Eric Goodhart as his father, Arthur Lehman Goodhart, shall be *255 living, the Trustee shall pay over to said Arthur Lehman Goodhart from time to time such portions of the net income as he may specify to be by him applied to the support, education and maintenance or otherwise to the use of the said Charles Albert Eric Goodhart with full discretion as to the manner of such application, and so long after the death of said Arthur Lehman Goodhart and during the minority of said Charles Albert Eric Goodhart as his mother, Cecily Ages Mackay Goodhart, shall be living, the Trustee shall transfer and pay over to her so much of the net income from time to time as she may specify to be by her applied to the support, education and maintenance or otherwise to the use of said Charles Albert Eric Goodhart with full discretion as to the manner of such application. The receipt of the said Arthur Lehman Goodhart or of the said Cecily Agnes Mackay Goodhart, as the case may be, shall be a good discharge to the Trustee for all sums so paid and the Trustee shall not be concerned to see to the application of the moneys paid by it to either of them and neither of them shall be required to furnish any accounts or statements as to the application thereof. SECOND: After the *256 said Charles Albert Eric Goodhart has attained the age of twenty-one years the Trustee shall transfer and pay over to him the entire net income during the remainder of the term of the trust as hereinafter set forth. The joint trust of April 27, 1937 further provides that the trustee shall pay to Charles Albert Eric Goodhart one-half of the principal of the corpus on his attaining the age of twenty-five years and the balance upon attaining the age of thirty-five years, and in case of his death during minority all the accumulations of income then held by the trustee is to be paid absolutely to his surviving children in equal shares; in default of surviving children, then to the other then surviving children of Arthur Lehman Goodhart in equal shares per stirpes, and in default of the latter equally to the then living issue of the settlors per stirpes. Petitioner, Arthur L. Goodhart, is a child of the settlors. The joint trust agreement of August 12, 1935 contains a similar provision for the application, during minority, of the income to the benefit of the minor grandsons of the donors, Philip Carter Goodhart and William Howard Goodhart as that contained in paragraph "FIRST" *257 of the April 27, 1937 agreement hereinbefore quoted. It also provides that any income not paid or applied shall be accumulated by the trustee by way of compound interest by investing the same and the resulting income thereof in any authorized investments and such accumulations shall be held as an accretion to the capital of the trust fund, provided the trustee may at any time during minority apply such accumulations or any part thereof as if they were income arising in the then current year. These trusts also contain a provision for disposition of the corpus by appointment by the primary beneficiary, and in case of failure either to exercise the power or failure of the trusts, provision is made as to the ultimate disposition of the same. Arthur L. Goodhart has a remainder interest under this trust subject to contingencies similar to those in the 1937 trust. [Opinion] The primary purpose of the trusts of 1935 and 1937 was not to accumulate income but to apply, during the minority of the beneficiaries, so much thereof as the trustee should deem proper and to accumulate the surplus. All the income as it was received by the trusts undoubtedly vested in the beneficiaries. Cf. ; *258 . The fact that the income vested, however, is not determinative of the right to the $5,000 exclusion under section 504 (b) of the Revenue Act of 1932, if the gifts are future interests. ; ; Reg. 79, art. 11. The trustee is directed to apply to the support, education, maintenance and otherwise to the use of the beneficiary only so much of the income as the trustee shall deem proper. The right to the enjoyment of the income can not be said to be immediate and unrestricted where it is dependent upon the discretion of the trustee. The gifts here are clearly future interests. Cf. ; ; ; ; Reg. 79, art. 11, supra. It is contended that the provision contained in paragraph "First" directing the trustee to pay to the infants' father, and in case *259 of his death to the mother during minority, so much as he or she may "specify" to be applied to the support, education, maintenance and otherwise to the use of said beneficiaries; and the fact the parents are not required to account as to the application of the moneys constitute the gifts of income present interests. We do not agree. We regard the provision as intended to relieve the trustee of the details in handling the application of so much of the income as is properly disbursed for the purposes specified in the trusts. The parents in this respect are mere agents for the trustee. This provision does not contemplate that the parents could demand all the income. To so construe it would be inconsistent with and destroy the express direction to the trustee to use only so much as seems proper for the purposes specified and the direction to accumulate any surplus. In the event of the death of both parents during the minority of the infants, the discretion to determine the amount to be applied to the support, education and maintenance and otherwise to the use of said infants under the 1937 trust would necessarily be the legal obligation of the trustee. We note the 1935 trust specifically *260 imposes such duty on the trustee in case of the death of both parents. In the absence of a specific direction contained in the instrument the law would impose the duty on the trustee in order to carry out the purposes of the trust. The provision as to the parents rendering accounts for the moneys disbursed would seem to be limited in its scope to rendering accounts to the trustee. See Section 190, Surrogates Practice Act of New York. We do not regard this provision respecting the payment of the moneys by the trustee to the parent as in any wise affecting the nature of the gifts of income. The gifts of income being future interests the respondent did not err in disallowing any exclusions under section 504 (b) of the Revenue Act of 1932 with respect to the gifts made in 1937. In computing the 1937 gift tax liability respondent properly disallowed the exclusions previously taken by the donors on their 1935 gift tax returns. As to the issues whether a donee or transferee can be held liable where the donor is solvent and where the statute has run against the donor, we think the petitioner is concluded by . Cf. . *261 The issue as to whether the petitioner, Arthur L. Goodhart, is a donee or transferee arises from the provision of the trust permitting him as the parent of the minor beneficiaries to receive and disburse income on their behalf. Under construction of that provision, he is a mere agent of the trustee as to the income and therefore he would not be liable either as donee or transferee of the gift of income within the meaning of the Revenue Act. As we have pointed out, though not mentioned by respondent, the petitioner, Arthur L. Goodhart, is, however, a contingent remainderman under both the 1935 and 1937 trusts and could, therefore, be liable as a donee of the corpus. But we think his contingent interests in the remainder here are so remote as to be incapable of being valued. . His contested liability therefore falls. Section 510, Revenue Act of 1932. In Docket Nos. 110602, 110604 and 110605 decisions will be entered for the respondent. In Docket Nos. 110603 and 110606 decisions will be entered for the petitioner.